RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  5 / 1 / 13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FREDERICK KING | DOCKET NO. 12-CV-3005; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CCA OF TENNESSEE, LLC, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Frederick King initiated the instant civil rights action (42 U.S.C. §1983) on November 30, 2012. He was granted leave to proceed in forma pauperis on December 10, 2012. Plaintiff is presently incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. He contends that he was denied adequate medical care and a proper shower chair. He seeks monetary compensation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

Plaintiff is a double leg amputee inmate incarcerated at Winn Correctional Center. He alleges that on June 17, 2012, he fell from a stool in the shower at WNC. Two inmates helped him back into his wheelchair. Officer Aldermen responded to the calls from the inmates advising that Plaintiff fell. Aldermen called Lt. Gaskill, who had Plaintiff transported to the medical department. Plaintiff was evaluated by Nurse Adam. Plaintiff requested x-rays, but the request was denied. Nurse Adam instructed Plaintiff to

return in two weeks if he was not better. So, two weeks later, Plaintiff returned to the infirmary. He was told to take Tylenol.

Plaintiff states that the shower chair for handicapped inmates was in maintenance the time of his accident, which is why he was showering using a stool that day. He states that the stool has no arms or wheels, and it only sixteen inches high, which is not the appropriate height. The shower chair that was previously available had wheels, but when it came back from maintenance the wheels had been removed. Plaintiff claims that without the proper chair, he has to bathe at the sink.

Plaintiff was ordered to amend/supplement his complaint to state (1) what each defendant did to violate Plaintiff's constitutional rights; (2) the dates on which he requested medical care, the symptoms he had, whether he was examined/treated, and what treatment he received; (3) why the shower chair is inadequate; and (4) whether he suffered any injury beyond facial swelling and leg bruising from the accident.

(1) What each defendant did to violate his rights

In responding to the Court's order, Plaintiff only provides that he "felt officer Alderman should have opened the gate to see if [Plaintiff] was all right and see what had happened, but officer Alderman waited until Lt. Gaskill arrived to find out if I was okay or not." He complains that Nurse Adam was supposed to "get back with [Plaintiff]" about having x-rays done, but he never did. He

2

alleges that Nurse Hancock denied his request for x-rays.

(2) the dates on which he requested medical care, the symptoms he had, whether he was examined/treated, and what treatment he received

Plaintiff does not provide any information in response to this inquiry. He only states that he was treated the day that he fell, and at a follow-up appointment that was scheduled by the medical staff for him. He does not allege that he sought medical care on any other occasion.

(3) why he believes the shower chair without wheels is not adequate;

Plaintiff was ordered to explain to the Court why a chair *without* wheels was insufficient or inadequate for him to shower. Plaintiff failed to respond to this inquiry.

(4) whether he suffered any injury beyond facial swelling and leg bruising

In response to this inquiry, Plaintiff only provided that he experiences pain in his "stump."

### *Law and Analysis*

In order to state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and also present factual, non-conclusory allegations[1] that the alleged deprivation was committed by a person

---

[1] Although Plaintiff is proceeding pro se, and courts are instructed to construe pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), Plaintiff failed to provide the Court with additional *factual allegations*, as ordered. The Court did not ask for any legal argument or analysis - merely non-

3

acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

To the extent that Plaintiff claims that he was denied adequate medical care, he fails to state a claim for which relief can be granted. In Estelle v. Gamble, 429 U.S. 97, 104 (1976), the Supreme Court held that a convicted prisoner may succeed on a claim for damages under 42 U.S.C. §1983 for inadequate medical care if he demonstrates that there has been "deliberate indifference to serious medical needs" by prison officials or other state actors. Deliberate indifference is a wanton disregard for any serious medical needs. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Plaintiff has not alleged any wanton conduct by any defendant. He was examined after he fell, and at a follow-up appointment two weeks later. Although Plaintiff wanted x-rays ordered, the medical staff determined that x-rays were not necessary. Plaintiff clearly disagrees with the assessment, but a mere disagreement with a course of medical treatment, does not state a claim under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997), *citing* Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

Despite being provided an opportunity to amend, Plaintiff does

---

conclusory facts. Plaintiff failed to provide the requested information.

4

not allege more than a de minimis physical injury. The "physical injury" required by §1997e(e) must be more than *de minimis,* but need not be significant. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)(citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997). A more than *de minimis* physical injury, as defined by §1997e(e) and the jurisprudence, is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc. See Luong v. Hatt, 979 F.Supp 481 (N.D. Tex. 1997).

Plaintiff complains that the shower chair for handicapped inmates was in maintenance the time of his accident, which is why he was showering using a stool that day. He states that the stool has no arms or wheels, and it only sixteen inches high, which is not the appropriate height. The shower chair that was previously available had wheels, but when it came back from maintenance the wheels had been removed. Plaintiff states that without the proper chair, he has been having to bathe himself at the sink.

To establish an Eighth Amendment violation based on the conditions of his confinement, a prisoner must satisfy both an objective and a subjective component. See Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). "First, he must show that his confinement resulted in a deprivation that was 'objectively, sufficiently serious.'" Hernandez v. Velasquez, 522 F.3d 556, 560 (5th Cir.

5

2008) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)). To make such a showing, the prisoner must demonstrate that the deprivation violated contemporary standards of decency and resulted in the denial of "the minimal civilized measure of life's necessities." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991) (internal quotation marks and citation omitted); <u>see</u> <u>Helling v. McKinney</u>, 509 U.S. 25, 36 (1993). Second, regarding the subjective component, the prisoner must show that prison officials possessed a sufficiently culpable state of mind in that they were deliberately indifferent to the alleged conditions. <u>See</u> <u>Wilson</u>, 501 U.S. at 297-303; <u>Woods</u>, 51 F.3d at 581. To establish deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to inmate health or safety. <u>See</u> <u>Farmer</u>, 511 U.S. at 837. That is, the prisoner must show both that (1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and (2) the official drew the inference. <u>Id.</u> "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." <u>Farmer</u>, 511 U.S. at 844. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take

reasonable measures to abate it. Id. at 847.

Plaintiff was instructed to explain how or why the available shower chair was not a proper or suitable chair. He failed to provide the Court with this information. Plaintiff has not alleged how the chair available to him, which no longer has wheels, is unreasonable and/or causes an excessive risk to his safety. Moreover, has not alleged that any defendant acted with deliberate indifference in either removing the wheels or providing him with the available shower chair.

*Conclusion*

In conclusion, Plaintiff has failed to present facts indicating the violation of a constitutional right, nor has he alleged deliberate indifference by the defendants. Also, he has failed to allege more than a *de minimis* physical injury suffered, as required by 42 U.S.C. §1997e(e).

Thus, **IT IS RECOMMENDED** that his complaint be **DENIED AND DISMISSED** with prejudice, as it fails to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e) and 1915A.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may**

be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 15 day of May, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE